IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
FEB 19 2008
William B. Guthrie
Clerk, U.S. District Court
By_____
Deputy Clerk

LAWRENCE RAY MAY, )
 )
Petitioner, )
 )
v. ) Case No. CIV 07-126-RAW-KEW
 )
MIKE ADDISON, Warden, )
 )
Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as time barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, attacks his convictions in Bryan County District Court Case Numbers CF-2001-471 and CF-2002-294 for Injury of a Minor Child and Child Sexual Abuse.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

07/12/2004   Petitioner's Judgments and Sentences in CF-2001-471 and CF-2002-294 were affirmed by the Oklahoma Court of Criminal Appeals in *May v. State*, No. F-2003-477 (Okla. Crim. App. July 12, 2004).

10/10/2004   Petitioner's conviction became final upon expiration of the 90-day period for a certiorari appeal to the United States Supreme Court.

12/22/2005   Petitioner filed an application for post-conviction relief in the Bryan County District Court.

12/05/2006   The denial of petitioner's application for post-conviction relief was affirmed in *May v. State*, No. PC-2006-978 (Okla. Crim. App. Dec. 5, 2008).

03/29/2007   Petitioner filed this petition for a writ of habeas corpus.

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's conviction became final on October 10, 2004, so his deadline for filing a federal habeas corpus action was October 10, 2005. This petition, however, was not filed until March 29, 2007. Because petitioner did not initiate his post-conviction action until December 22, 2005, after expiration of the limitation period, there is no tolling for the post-conviction proceedings. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

2

Petitioner alleges in his response to the motion to dismiss that the limitation period should be tolled, because his appointed appellate counsel refused to give him documents that were necessary for preparation of the habeas petition. The record shows that his direct appeal was denied on July 23, 2004, but he waited more than 15 months, until November 2005, to pursue a grievance against his appellate counsel through the Oklahoma Bar Association, with respect to the legal paperwork he needed. He has attached documentation of his bar complaint against appellate counsel on this issue, and he maintains that counsel's statement that she had sent the documents prior to November 2005 was untrue.

Accepting petitioner's claim that he did not receive his state court documents until the limitation period had expired, the court finds there is nothing in the factual basis of his habeas corpus claim that he could not have discovered and presented to this court during the limitation period. Therefore, the court finds his claim would not support relief from the limitation period under § 2244(d)(1)(D).

The court further finds that petitioner's lack of access to his state court records did not create an impediment to filing his federal habeas corpus petition that would justify relief under § 2244(d)(1)(B). His lack of state court records was not a State impediment to filing, and it did not prevent him from discovery of the factual predicate that supports his habeas corpus claims. In addition, any inaction by his appellate counsel cannot be imputed to a "state-created" impediment. It is well established that there is no constitutional right to counsel beyond the direct appeal of a conviction. *See Swazo v. Wyoming Dep't of Corrections*, 23 F.3d 332, 333 (10th Cir. 1994). Therefore, a defendant cannot claim ineffective assistance of counsel in his post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1992). It was petitioner's responsibility to diligently pursue his claims and file his habeas petition in a timely manner.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims . . . .

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations and quotations omitted). To justify equitable tolling, an inmate must make a specific showing of (1) lack of access to relevant materials and (2) the steps taken to "diligently pursue his federal claims." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), *cert. denied*, 525 U.S. 891 (1998).

After careful review, the court finds that, apart from his unsupported allegations, there is no evidence in the record to suggest petitioner is actually innocent of the charges of which he stands convicted, or that other uncontrollable circumstances impeded him from timely filing his federal claim. The court further finds that petitioner has failed to demonstrate he diligently pursued his federal claims for relief.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #11] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 19th day of February 2008.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**